UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


SCOTT W. MCQUAIG                                CIVIL ACTION

v.                                              NO. 20-23

PROVIDENT LIFE AND ACCIDENT                     SECTION "F"
INSURANCE COMPANY


ORDER AND REASONS

Before the Court is the plaintiff Scott W. McQuaig's motion
for summary judgment that ERISA does not apply in this case. For
the reasons that follow, the motion is DENIED.

**Background**

In 1991, the defendant Provident Life and Accident Insurance
Company issued disability insurance Policy 06-337-7063846 to the
plaintiff Scott W. McQuaig. McQuaig now sues for benefits he
believes he is owed under that policy. Unsurprisingly, Provident
disagrees.

At issue in the motion for summary judgment is the application
– or lack thereof – of the Employee Retirement Income Security Act
of 1974 (ERISA) to Policy 06-337-7063846. On several factual
matters relevant to that issue, the parties agree. On certain

1

others, they do not. Because those areas of factual disagreement go to the heart of the legal issue raised by the motion, summary judgment is inappropriate under Federal Rule of Civil Procedure 56.

## I.

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citation omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477

2

U.S. 317, 322–23 (1986). In this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, it must come forward with competent evidence, such as affidavits or depositions, to buttress its competing claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. Fed. R. Civ. P. 56(c)(2); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam). Finally, in evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.

## II.

McQuaig seeks summary judgment that ERISA does not apply to Policy 06-337-7063846. Specifically, he seeks an order striking seven affirmative defenses Provident has raised under ERISA, as well as a rejection of Provident's denial that McQuaig is entitled to statutory penalties under La. R.S. 22:1821, which Provident has predicated on federal preemption arising from ERISA's application. McQuaig contends that ERISA is inapplicable because Policy 06-337-7063846 is not an "employee [welfare] benefit plan" within the meaning of ERISA. See 29 U.S.C. § 1002(1) (defining, for the

purposes of the statute, an "employee welfare benefit plan" as "any plan, fund, or program which was . . . *established or maintained by an employer* . . . for the purpose of providing [benefits] for its participants or their beneficiaries" (emphasis added)).

McQuaig's motion turns on the emphasized phrase above: specifically, whether Policy 06-337-7063846 was "established" by the law firm that employed McQuaig when he purchased the policy, or by McQuaig individually. That question of fact is disputed by the parties.

A.

For his part, McQuaig asserts that Policy 06-337-7063846 is – and always was – individual in nature. As evidence of this point, McQuaig submits two exhibits: his own affidavit, and an affidavit of his insurance agent, Ben Frank. In his own affidavit, McQuaig admits he was a member of the law firm Holoway, McQuaig, Solomon & Dyer on the date that Policy 06-337-7063846 was issued, but asserts that Policy 06-337-7063846 is inherently individual for at least six reasons: (1) because the policy did not provide benefits to any other employees of the firm, (2) because McQuaig personally paid the annual premiums for the policy, (3) because McQuaig was always the policy's sole beneficiary, (4) because the policy was

4

never part of any firm-wide benefits plan, (5) because McQuaig is the sole employee of his present firm, McQuaig and Associates, LLC, and (6) because McQuaig and Associates, LLC never offered employee benefits of any kind when it *did* have employees. Frank's affidavit lends an insurance professional's imprimatur to those factual assertions.

From those allegations of fact, McQuaig concludes that ERISA does not apply to Policy 06-337-7063846 as a matter of law.

## B.

In response to McQuaig's affidavits, Provident offers two declarations of its own. In the first, Lisa Fagan, an underwriting consultant of Provident's parent corporation who is familiar with the underwriting procedures for employer *group* insurance plans, contends that Policy 06-337-7063846 was issued as part of Employer Risk Group Plan 72671. In the second declaration, Sandra Arakelian, another employee of Provident's parent corporation with particular expertise on the billing and crediting implications of a policy's being part of an employer *group* plan, offers other reasons for the same conclusion: namely, that contrary to the assertion at the root of McQuaig's motion, Policy 06-337-7063846 was in fact

established and maintained by an employer (McQuaig's former law
firm).[1]

### III.

Bald assertions of fact in self-serving affidavits are seldom
the stuff of successful motions for summary judgment,[2] and besides,
Provident offers compelling evidence to rebut the factual claim
most central to McQuaig's motion. Indeed, on the record before the
Court, it is impossible to conclude that no "reasonable jury" could

---

[1] Examining company records, Fagan and Arakelian conclude that
Policy 06-337-7063846 was merely an individual component of
Employer Risk Group Plan 72761, which was established as a
compilation of multiple individual disability policies that were
issued to attorneys of McQuaig's law firm at the time. Fagan and
Arakelian conclude as much for three major reasons: first, because
Provident offered a ten percent discount and a higher indemnity
amount for each individual policy enrolled in the group plan, which
it would not have done for purely individual policies; second,
because the invoices for McQuaig's policy were, for quite some
time, paid by the law firm's bank account, rather than McQuaig's
personal account; and third, because Provident submitted invoices
listing the premiums for each policy in the group to McQuaig's
former law firm, which the firm paid repeatedly without issue.
Provident maintains that none of this would have occurred if Policy
06-337-7063846 were simply an individual policy belonging to
McQuaig. But for the fact that his policy was part of a group plan
established by his employer, would McQuaig's policy receive a
group-based discount, would McQuaig's employer have been billed
for that policy, and would it have paid those bills through its
corporate bank account without question for a number of years?

[2] See, e.g., Johnson v. City of Slidell, 2006 WL 8456182, at *1
(E.D. La. June 29, 2006).

find that Policy 06-337-7063846 was in fact part of an employer-established benefits plan. See Anderson, 477 U.S. at 248.

That determination alone is dispositive, as McQuaig's motion depends on his version of that fact being beyond genuine dispute. Where dispute remains as to a material fact that is key to resolving a pertinent legal issue, the question is best left for trial.[3]

Accordingly, IT IS ORDERED: that the plaintiff's motion for summary judgment is DENIED.

New Orleans, Louisiana, September 16, 2020

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] There, McQuaig can prove his contention that Policy 06-337-7063846 is not part of an ERISA-applicable employer-established plan. While this could conceivably be done in a multitude of ways – through, perhaps, the testimony of the other individuals Provident alleges to be constituents of Employer Risk Group Plan 72671, or through documentary evidence such as financial records – it has not been done here. In fact, the record favors *Provident*'s version of events. While this may prove costly to McQuaig in later stages of this case, here it merely compels denial of McQuaig's motion.