```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


SCOTT W. MCQUAIG                                  CIVIL ACTION


v.                                                NO. 20-23


PROVIDENT LIFE AND ACCIDENT                       SECTION "F"
INSURANCE COMPANY
```

## ORDER AND REASONS

Before the Court is the defendant Provident Life and Accident Insurance Company's motion for summary judgment as to ERISA's application in this case. On September 16, 2020, this Court denied the plaintiff Scott McQuaig's motion for summary judgment as to ERISA's *non*-application in this case.

For largely the same reasons articulated then, the present motion must too be DENIED.

**Background**

McQuaig believes that Provident owes him benefits under a disability insurance policy Provident issued him in 1991. Provident disagrees. Provident believes that ERISA applies to the insurance policy at issue. McQuaig disagrees. As the parties' extensive motion practice indicates, the answer to the latter question unlocks a host of legal consequences with critical bearing

1

on the answer to the question of ultimate importance – Provident's liability to McQuaig.

In recognition of this reality, the parties have each filed motions for summary judgment casting their respective positions on ERISA's application in this case. McQuaig led off with a motion for summary judgment that ERISA does *not* apply. On September 16, 2020, the Court denied his motion because pervasive "areas of factual disagreement" went "to the heart of the legal issue raised by the motion." See McQuaig v. Provident Life & Acc. Ins. Co., 2020 WL 5545681, at *1 (E.D. La. Sept. 16, 2020). Because that statement is as true now as it was then, "summary judgment is [again] inappropriate under Federal Rule of Civil Procedure 56." Cf. id.

I.

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, where contradictory "evidence is merely colorable, or is not significantly probative," summary judgment remains appropriate. Id. at 249–50 (citation omitted). Likewise, summary judgment is appropriate where the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). In this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992). Instead, it must come forward with competent evidence, such as affidavits or depositions, to buttress its competing claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. FED. R. CIV. P. 56(c)(2); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).

Finally, in evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party.  <u>Anderson</u>, 477 U.S. at 255.

## II.

Today's factual record in this case is little changed from that of eight weeks ago,[1] when the Court denied McQuaig's nearly diametrical summary judgment motion due to a genuine dispute of material fact.  That dispute concerned a single material fact at the heart of ERISA's application in this case: namely, whether the insurance policy at issue was individual in nature, as McQuaig

---

[1] The record which stood then largely remains now, so the Court incorporates by reference its discussion and findings with regard to the record then for purposes of this Order and Reasons.  <u>See</u> <u>McQuaig</u>, 2020 WL 5545681, at *2–3.

contends,[2] or established and maintained by an employer such that ERISA would govern, as Provident contends.[3]

In the present motion, Provident argues that one intervening event in the handful of weeks since the Court's denial of McQuaig's motion has eliminated any legitimate dispute over that key factual question: the October 14, 2020 deposition of McQuaig's insurance agent, Ben Frank. See Mot., Ex. C (Frank deposition transcript). In Provident's view, Frank's deposition testimony confirms that McQuaig's individual insurance policy was indeed "sold, along with policies being sold to several members of [McQuaig's] law firm, as part of a risk group." See Mot. at 13. As a result, Provident

---

[2] McQuaig continues to maintain that the policy at issue "is inherently individual for at least six reasons":

> (1) because the policy did not provide benefits to any other employees of [McQuaig's law firm], (2) because McQuaig personally paid the annual premiums for the policy, (3) because McQuaig was always the policy's sole beneficiary, (4) because the policy was never part of any firm-wide benefits plan, (5) because McQuaig is the sole employee of his present firm, McQuaig and Associates, LLC, and (6) because McQuaig and Associates, LLC never offered employee benefits of any kind when it *did* have employees.

McQuaig, 2020 WL 5545681, at *2.

[3] Provident continues to counter that "contrary to the assertion at the root of McQuaig's [ERISA argument], Policy 06-337-7063846 was in fact established and maintained by an employer (McQuaig's former law firm)." See McQuaig, 2020 WL 5545681, at *2 & n.1.

5

asserts, McQuaig's policy was merely an individual component of an "employee welfare benefit plan" established by McQuaig's former law firm and, accordingly, governed by ERISA. See Mot. at 15–30. McQuaig insists just the opposite and backs his contrary factual assertions with equally valid snippets from Frank's deposition testimony. See, e.g., Opp. at 1–4; see also supra note 2.

\*   \*   \*

"Where dispute remains as to a material fact that is key to resolving a pertinent legal issue, the question is best left for trial." McQuaig, 2020 WL 5545681, at \*3. Here, dispute continues to remain over a factual issue – the nature of the insurance policy at issue and the precise circumstances surrounding its purchase, issuance, and maintenance – that has significant, if not dispositive, bearing on the legal question on which both parties have now sought summary judgment. Compare Mot. at 31 ("Thus, the Provident individual policy issued to McQuaig was part of a plan established by the Law Firm to benefit its employees."), with Opp. at 19 ("Provident sold McQuaig an individual policy[] that was never part of a group benefit."). Because a reasonable jury applying a preponderance of the evidence standard could conceivably find for either side on that issue, summary judgment is not an appropriate mechanism for resolving the intertwined

questions of fact and law presented by the parties' motions. Cf. McQuaig, 2020 WL 5545681, at *3 ("McQuaig's[/*Provident's*] motion depends on his[/*its*] version of that fact being beyond genuine dispute.").

Accordingly, IT IS ORDERED: that the defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, December 4, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE