UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


SCOTT W. MCQUAIG                                    CIVIL ACTION


v.                                                  NO. 20-23


PROVIDENT LIFE AND ACCIDENT                         SECTION "F"
INSURANCE COMPANY



ORDER AND REASONS

Before the Court is the defendant's motion for summary
judgment.  For the reasons that follow, the motion is DENIED.

**Background**

This case pits an allegedly disabled trial attorney against
an insurance company which claims that the plaintiff's alleged
disability is a pretense he concocted when he ran into disciplinary
issues with the Louisiana State Bar Association.  The present
motion for summary judgment places the parties' dueling theories
of the case on clear display.

The plaintiff, Scott W. McQuaig, attaches a variety of medical
records and opinions in support of his assertion that the
defendant-insurer, Provident Life and Accident Insurance Company,

1

has improperly withheld disability insurance benefits from him. McQuaig insists that "severe spondylosis, cervical/lumbar disc disease, bilateral neuropathy, bilateral base joint arthritis in his upper extremities, and chronic back and leg pain" have precluded him from "perform[ing] the substantial and material duties of [his] occupation" as a "trial attorney" since June 18, 2018.[1]  See Opp'n at 1–2.

Provident sees matters differently, arguing that McQuaig's asserted disability is a contrived attempt to pursue insurance benefits in place of income McQuaig has lost (and continues to lose) due to the suspension of his law license.[2]  Specifically, "Provident contends that McQuaig is not disabled by virtue of the fact that he continued practicing law after June 18, 2018, until shortly before he was forced to stop practicing when his law license was suspended on March 6, 2019."  See Mot. at 1.  Thus,

---

[1]   McQuaig's attending physicians have allegedly restricted him from "computer usage, . . . lifting or carrying of file boxes or trial brief cases, [and] regular or extensive review of records or paperwork."  See Opp'n at 2.  They have also called for his "avoidance of" "stress, . . . work under the effects of medication, . . . court appearances, travel, stressful activities, [and] activities which require cognitive focus and attention."  See id.

[2]   McQuaig's law license was suspended on March 6, 2019 amid investigations into his handling of client funds.  The events that animated that investigation and their effect on McQuaig's credibility may be relevant at trial, but need not play a role in the Court's disposition of the present motion for summary judgment.

Provident asserts, "McQuaig's license suspension, rather than a sickness or injury, caused him to stop practicing law."  See id. at 2.

Arguing that the disability insurance policy at issue "does not provide coverage for McQuaig's inability to practice law due to the suspension of his license," Provident moves for summary judgment on McQuaig's claims.  In support of its motion, Provident makes a compelling two-prong argument.  As a factual matter, Provident points to a number of occasions on which McQuaig's supposed disability did *not* prevent him from actively practicing and carrying out client business *after* June 18, 2018, the date which McQuaig pegs as the beginning of his "total disability."[3] Provident also highlights the suspicious timing of McQuaig's decision to seek medical attention and claim disability for his

---

[3]    McQuaig's continued performance of these common trial-lawyer activities – including active travel; "setting trials as counsel of record for several plaintiffs; assisting a client with discharging co-counsel and leaving [himself] as sole counsel of record in a complex product liability matter; attending depositions and mediations; preparing discovery responses; filing pleadings, motions, [and] legal memoranda; and[] even instituting a new lawsuit for a client and requesting a jury trial" – during his supposed period of disability will doubtless be relevant at trial.  See Mot. at 2.  In its motion, Provident - which won a hard-fought motion to compel before the magistrate - extensively details a number of instances in which McQuaig *seemed* to practice as an active trial attorney despite allegedly being disabled to do so.  See id. at 9–20 (cataloguing such instances).

alleged conditions, which coincided with the initiation of a disciplinary investigation into his conduct as an attorney.[4]  As a legal matter, Provident points to a number of state and federal cases in which trial courts have denied disability benefits to allegedly disabled professionals embroiled in similar disciplinary entanglements.

McQuaig, of course, casts these events in more benign terms. In his telling, "any work that he did after June 18, 2018 was merely to wind down his practice[] post-disability." See Opp'n at 6.  As he states in his own affidavit, "on or shortly after June 18, 2018, he enrolled Wallace Porter as additional counsel of record in all outstanding litigation matters" and reserved his signature for "perfunctory form pleadings prepared by his assistant" or "prepared by Mr. Porter for his signature" prior to Mr. Porter's "actual enrollment and participation." See id.  As such, McQuaig insists, he "was not engaged in the practice of law as a trial lawyer or in opposition to the disabilities imposed

---

[4]    Provident asserts that McQuaig sought "medical treatment from several physicians for the medical conditions that he now claims are disabling" "[o]nly after he was served with formal disciplinary charges on March 13, 2018."  If borne out at trial, the potential of this statement is obvious.

upon him by his treating doctors" at any time after June 18, 2018.[5]
Id.

                                    I.

    Thus emerges a dispute of an inherently factual nature:
namely, whether McQuaig was in fact totally disabled on the date
at issue and whether his activities thereafter shed any light on
the matter.  See Soll v. Provident Life & Accident Ins. Co., 2002
WL 1379183, at *10 (E.D. La. June 26, 2002) (Engelhardt, J.) ("The
determination of whether or not [a professional] was unable to
perform the substantial and material duties of his occupation at
the time of his disability is inherently a fact question."
(emphasis omitted)).

    Although the evidence might at trial support Provident on
that score, the legal standard on a motion for summary judgment
makes all the difference for present purposes.  Indeed, as McQuaig
correctly notes in his opposition:

        Credibility determinations, the weighing of the
        evidence, and the drawing of legitimate inferences from
        the facts are jury functions, not those of a judge,
        whether he is ruling on a motion for summary judgment or
        for a directed verdict.  The evidence of the non-movant

---

[5]    McQuaig has alternative factual explanations for each of the
occasions Provident identifies as instances on which he appears to
have practiced law post-"disability."  In all such instances, he
contends that his role was either sharply limited, ethically
mandated (because his client had no other attorney to turn to), or
otherwise not in violation of doctor's orders.

is to be believed, and all justifiable inferences are to
be drawn in his favor.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

That binding rule of law makes clear that delving into
McQuaig's medical conditions and activities after his date of
asserted disability, and assessing the impact that the timing of
his disability claim and his decision to seek medical attention
have on his credibility as a witness (and, ultimately, as a
plaintiff claiming insurance benefits) is a question for trial,
not summary judgment.

Try as they may to persuade the Court to dispose of McQuaig's
questionable case on summary judgment, Provident cites no
mandatory authority articulating a hard-and-fast rule that
McQuaig's continued trial-lawyer-esque activities after his
supposed date of disability are per se indications that he is not
disabled as a matter of law.  At most, these pieces of evidence
are check marks in Provident's column on the material dispute of
fact at the heart of this case.[6]

*    *    *

---

[6]    On this point, it bears noting that "Louisiana courts construe
the terms 'disabled' and 'total disability' broadly in favor of
coverage."  Soll, 2002 WL 1379183, at *5.  A claimant need not be
"absolutely helpless" to be "totally disabled."  See Crowe v.
Equitable Life Assur. Soc. of U.S., 154 So. 52, 54 (La. 1934).

6

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Here, genuine dispute remains over whether McQuaig is totally disabled from engaging in his occupation of trial attorney. In asserting otherwise, Provident points to a good deal of smoke, but not necessarily any fire.  McQuaig is correct, for instance, that a reasonable jury presented with all of the evidence could (1) find that "McQuaig agreed to the voluntary interim suspension of his [law] license at the time that he did because he was already physically disabled and therefore[] did not intend to continue to practice as a trial lawyer," (2) accept McQuaig's explanation that his post-disability activities were more limited in scope and intensity than might appear on the surface, and (3) see good medical evidence that McQuaig is indeed disabled as he contends. Provident provides no legitimate basis for short-circuiting a trial of these issues through the vehicle of summary judgment.

Accordingly, IT IS ORDERED: that the defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, April 14, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

7